UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MAIN HASTINGS, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**CARDINAL HEALTH, INC.,**<br><br>    Defendant. | **Case No. 2:10-cv-449**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Main Hastings, LLC for its Complaint against Defendant Cardinal Health, Inc., ("Cardinal"), alleges, based on its own knowledge with respect to its own actions and based upon information and belief with respect to all other actions, as follows:

## THE PARTIES

2. Main Hastings, LLC (hereinafter "Plaintiff") is a Texas limited liability company.

3. Plaintiff, as to the false marking claim, represents the United States and the public, including Defendant's existing and future competitors.

4. On information and belief, Defendant Cardinal is an Ohio corporation, with its principal place of business at 7000 Cardinal Place, Dublin, OH 43017. Defendant Cardinal's registered agent is Cardinal Health 107, Inc., located at Cardinal's principal address.

5. Defendant regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

6. The federal claim pleaded herein arises under 35 U.S.C. §292(b).

7. Subject matter jurisdiction for this federal claim is conferred upon this Court by 28 U.S.C. §1338(a).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1395(a), because: (i) Defendant's products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

9. Plaintiff brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## BACKGROUND

10. This is an action for false patent marking under Title 35, Section 292, of the United States Code related to the Temno biopsy needles line of products branded and distributed by Defendant.

11. The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

12. Defendant has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patent 5,313,958 which has expired, thus violating 35 U.S.C. § 292(a) by marking upon unpatented articles with the purpose of deceiving the public. More specifically, Defendant, with the purpose of deceiving the public, makes, sells and/or advertises or has made, sold and/or advertised the following products with a patent number that has expired:  The Temno brand biopsy needles (collectively referred to as "the products")(See Exhibit 1, attached hereto).

14. Defendant used packaging and/or advertising in connection with unpatented products that bear the word "patent" and/or any word or number importing that the product is patented.

15. The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain.

16. False patent marking is a serious problem. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete. Furthermore, false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay. False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

17. The false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

18. Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendant's violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

19. Defendant did not have, and could not have had, a reasonable belief that its products were properly marked.

20. Defendant is a large, sophisticated company.

21. Defendant has, or regularly retains, legal counsel.

22. Defendant has experience applying for patents, obtaining patents, licensing patents and/or litigating in patent-related lawsuits.

23. Defendant knows that a patent expires and that an expired patent cannot protect any product.

24. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

25. Defendant's false marking of the products has wrongfully quelled competition with respect to such products thereby causing harm to Plaintiff, the United States, and the public.

26. Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

27. Defendant marked, affixed, and/or used in advertising at least the products identified herein with the following expired patent: United States Patent No. 5,313,958 ("the '958 Patent"). A copy of the '958 Patent is attached as Exhibit 2.

28. The '958 Patent, titled "Surgical Biopsy Instrument," was issued by the United States Patent Office on May 24, 1994, and expired on August 16, 2005.

29. Any product or method once covered by the claims of the '958 Patent are no longer protected by the patent laws of the United States.  When the patent expired, its formerly protected property entered the public domain.  When a patent expires, all monopoly rights in the patent terminate irrevocably and, therefore, a product marked with an expired patent is not "patented" by such expired patent.

30. Defendant knew that the '958 Patent expired on August 16, 2005.

31. Despite the fact that the claims of the patent is no longer afforded patent protection, Defendant marked, affixed to, and/or used in advertising at least its Temno brand biopsy needles the '958 Patent following its expiration date.

32. Because all monopoly rights in the '958 Patent has terminated, Defendant cannot have any reasonable belief that the products are patented or covered by this patent is protected.

33. Defendant intended to deceive the public by marking, affixing to, and/or using in advertising the products with the said patents.  The intentionally deceptive use in advertising includes but is not limited to, the easily modifiable digital format of Defendant's website (Exhibit 1) which displays information about Defendant's brand of biopsy needles in conjunction with the long-expired '958 Patent, plainly listed as the sole patent.  According to the source view of the web-page for http://www.cardinal.com/index.asp, the website was last updated on July 20, 2010.  See Exhibit 3.

34. Defendant knew that the products were not covered by the patents when they were marked and/or used in advertising.

5

35. Therefore, Defendant intentionally deceived the public by labeling and/or using in advertising the products with the said patent.

## COUNT I
### (False Marking with Expired Patents)

36. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

37. Defendant falsely marked, affixed to, and/or used in advertising the products with the '958 Patent, which has expired.

38. Defendant knew or reasonably should have known that marking, affixing to, and/or using in advertising the products with the said patent was in violation of 35 U.S.C. § 292, which only authorized marking on "patented" article.

39. Defendant intended to deceive the public by marking the products with the said patent and using said patent in advertising materials available to the general public.

## DAMAGES

40. Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendant's violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## JURY DEMAND

41. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

42. Plaintiff requests that the Court, pursuant to 35 U.S.C. § 292:

43. Enter judgment against Defendant and in favor of Plaintiff for the violations alleged in this Complaint;

44. Order Defendant to pay a civil monetary fine of $500 per false marking "offense," one-half of which shall be paid to the United States and one-half of which shall be paid to Plaintiff;

45. Enter a judgment and order requiring Defendant to pay Plaintiff's prejudgment and post-judgment interest on the damages awarded;

46. Order Defendant to pay Plaintiff's costs and attorney fees; and

47. Grant Plaintiff such other and further relief as it may deem just and equitable.

Respectfully Submitted,

_____
Scott E. Stevens
Texas State Bar No. 00792024
Gregory P. Love
Texas State Bar No. 24013060
Kyle J. Nelson
Texas State Bar No. 24056031
Stevens Love
P.O. Box 3427
Longview, Texas  75606
Telephone: 903-753-6760
Facsimile: 903-753-6761
scott@stevenslove.com
greg@stevenslove.com
kyle@stevenslove.com

**ATTORNEYS FOR PLAINTIFF**
**MAIN HASTINGS, LLC**